UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Marsha Jackson, | ) | C/A No.: 3:04-728-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER ACCEPTING R&R |
| | ) | AND DENYING |
| Eau Claire Cooperative Health Centers, Inc. | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and

recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which
> any party may file written objections . . . . The Court is not bound by the
> recommendation of the magistrate judge but, instead, retains responsibility
> for the final determination. The Court is required to make a *de novo*
> determination of those portions of the report or specified findings or
> recommendation as to which an objection is made. However, the Court is not
> required to review, under a *de novo* or any other standard, the factual or legal
> conclusions of the magistrate judge as to those portions of the report and
> recommendation to which no objections are addressed. While the level of
> scrutiny entailed by the Court's review of the Report thus depends on
> whether or not objections have been filed, in either case the Court is free,
> after review, to accept, reject, or modify any of the magistrate judge's
> findings or recommendations.

1

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff Marsha Jackson's complaint asserts two causes of action against defendant Eau Claire Cooperative Health Centers, Inc. : (1) a state law cause of action for breach of implied contract of employment , and (2) an allegation that her discharge was a violation of her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, and/or was in retaliation for exercising rights under the FMLA. Plaintiff subsequently withdrew her state law cause of action and so much of her second cause of action alleging retaliation under the FMLA. Therefore, the only remaining cause of action is that alleging interference with plaintiff's rights under the FMLA.

Defendant filed a motion for partial summary judgment on January 21, 2005. Plaintiff filed a memorandum in opposition on February 2, 2005, and defendant filed a reply on February 10, 2005. The magistrate judge filed a detailed and comprehensive report and recommendation on June 16, 2005, recommending that defendant's motion for summary judgment be denied. Defendant filed an objection memorandum on July 7, 2005, which has carefully been considered by the court. Plaintiff filed a response to defendant's objections on July 21, 2005.

In light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the report and recommendation of the magistrate judge, together with defendant's objections thereto, and plaintiff's response. The court is of the opinion that further oral

2

argument would not aid in the decisional process and that the recommendation of the magistrate judge to allow the remaining claim to go forward to trial should not be disturbed. Viewing the facts, evidence and inferences in the light most favorable to the plaintiff as it must, the court is constrained to find that there exist genuine issues of material fact under Fed.R.Civ.P. 56, such that the court cannot grant defendant judgment as a matter of law.

For the foregoing reasons, the June 16, 2005 report and recommendation of the magistrate judge is incorporated herein by reference and adopted as the order of this court. The defendant's objections are overruled, and the claim for summary judgment is denied. The trial of the remaining claim for interference with plaintiff's FMLA rights shall occur during the November/December 2005 term of court. The parties will be seasonably notified of the date and time of the roster meeting.

IT IS SO ORDERED.


August 26, 2005                                    s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

3